The Lomas Nettleton Co., Trustee, holder of a first mortgage on the property in question, petitions for a revocation of the Order appointing a Receiver of Rents on two grounds, 1st, that at the time of the appointment of the receiver the petitioner was in the undisturbed and uninterrupted peaceful possession of the premises as holder of a first mortgage, and, 2nd, that at the time the receiver was appointed the plaintiff had an assignment of rents, which fact was known to the plaintiff when the ex parte application was made.
The Court has carefully considered the evidence presented and is desirous of arriving at a decision which would protect the equities of both parties. The real estate market, during the past few years, has undoubtedly resulted in putting junior encumbrancers at the mercy of senior liens, and, no doubt, there have been many abuses by first mortgagees, resulting in losses to second mortgagees. It should be noted, however, that during this same period, first mortgagees have fared none too well and, they too, have suffered losses.
Real estate appraisers differ so widely in their values that it is frequently difficult for the Court to determine just what a particular piece of property is worth. In most cases appraisals are lower than replacement costs less depreciation and, yet, other appraisers will testify to an even lower value, only to discover that actual sales are lower than the lowest appraisal testified to in court. This, of course, is due to the fact that there is no available market for real estate and frequently, mortgagees who obtain title to property by foreclosure, are willing to sell at any price in order to avoid the holding and owning of property. This is particularly true in the case of a large apartment house which involves management including renting, heating and repairing. Owners of these large apartment houses have found during the past few years that regardless of the efficiency of management there is very little, if any, profit left after paying interest on mortgages, taxes and other charges incident to the reasonable *Page 61 
maintenance of the property.
The apartment house involved in this case is obviously above the average, and yet the Court doubts whether the income is much more than enough to pay the interest on the first mortgage, taxes and other operating costs.
Up to the present time the property seems to have been well managed under the assignment of rents; all moneys collected have been properly accounted for and have been used entirely for the maintenance and management of the property. It is difficult to see how any improvement can be accomplished under a receivership. In this connection also the Court cannot overlook the fact that the interest of the petitioner in the property is much larger than that of the plaintiff.
While the second mortgagee should receive all income from the property after all proper charges have been paid, the first mortgagee is entitled to the assurance that the income will be properly applied. There can be no better way of accomplishing this than permitting it to handle the receipts and disbursements. It must be borne in mind that at the time the second mortgage was placed on the property, the first mortgage was already in existence and the plaintiff undoubtedly was aware of the existing prior right. The Court, in attempting to protect a second mortgagee's interest, ought not to ignore the superior rights of the first mortgagee.
The Court is, therefore, of the opinion that the best interests of the property, the first mortgagee and the second mortgagee, require that the property be managed by the first mortgagee under its assignment of rents and that as long as it properly accounts for all receipts and disbursements this management should not be interfered with.
 The petition for the revocation of the Order appointing a Receiver of Rents is therefore granted.